UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE C. MCGHEE and ELIYSHUWA S. YISRAEL, Plaintiffs, -v- MIDFIRST BANK, DONALD J. KING, GARY APPS, and ROBERT C. KROPF, Defendants. | No. 1:13-cv-258 HONORABLE PAUL L. MALONEY |

## ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

Based on its initial review of the Complaint, the Court issues this *sua sponte* opinion dismissing Plaintiffs' complaint for lack of subject-matter jurisdiction.

As best the court can determine, this case arises out of a foreclosure action brought by Defendants against Plaintiffs Willie C. McGhee and Eliyshuwa S. Yisrael. Though Plaintiffs' filing is listed on the docket as a complaint, Plaintiffs appear to be trying to remove this foreclosure action to state court. Mr. McGhee, the only party to sign the filing, states that Defendants are "using the local court[s] . . . to enforce improper jurisdiction of foreclosure" and that they are committing fraud on those courts by, among other things, submitting improper affidavits. Mr. McGhee further states that he "was told by an attorney to remove this complaint to the UNITED STATES DISTRICT COURT because I would certainly lose in the lower court[s]."

FED. R. CIV. P. 8(a)(1) requires that a pleading state the basis for the court's jurisdiction. If a plaintiff fails to do so, the court may address the issue on its own motion. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Mr. McGhee's filing is patently deficient. It is not a proper removal of a state-court action, as it does not satisfy the requirements of 28 U.S.C. § 1446. Nor does it state any basis for federal subject-matter jurisdiction. The parties are not diverse, with the Plaintiffs and at least some of the Defendants being citizens of Michigan. And the complaint utterly fails to establish jurisdiction based on a federal question. This type of jurisdiction applies when: (1) the plaintiff's cause of action is created by federal law; (2) "some substantial, disputed question of federal law is a necessary element . . . of the well-pleaded state claim"; or (3) the claim is "really" one of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9, 13 (1983). Mr. McGhee's filing raises questions of whether the Defendants have been following proper procedures in state court, whether they even have standing to bring their state-court case, and whether they can properly foreclose on the unidentified piece of property that is the subject of that case. Federal issues only come up with Mr. McGhee's bare claim that suit in this court is necessary to ensure that he receives the benefit of "SUBSTANTIAL DUE PROCESS OF LAW" and in the filing's caption, which refers to a "RICO" claim.[1] But merely referencing a federal statute and a constitutional provision does not establish federal-question jurisdiction, and Mr. McGhee's complaint does not provide supporting detail that could be read as stating a cause of action under either theory. Nor does the complaint state facts that would support either claim. Instead, it appears that Mr. McGhee's filing is merely an attempt to get this court to address the merits of Defendants' state-court suit against Plaintiffs. This is not proper, and the court lacks subject-matter jurisdiction over the suit.

Where possible, the courts encourage parties to cure defective jurisdictional allegations by amendment, rather than dismissing complaints unnecessarily. *See* 28 U.S.C. § 1653 ("Defective

---

[1] The Racketeer Influenced and Corrupt Organizations Act, commonly referred to as "RICO," is a federal statute that provides a private right of action. *See generally* 18 U.S.C. §§ 1961–68

allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974) ("Amendment to establish jurisdiction is broadly permitted, so as to effectuate Congress' intent in enacting § 1653 -- to avoid dismissals on technical grounds.").

The court does not see how the flaws in this complaint could be mitigated by amendment, however. The jurisdictional flaws go beyond mere defective allegations. Rather, the suit's premises are themselves flawed. If Mr. McGhee wishes to remove a state-court matter to this court, he must do so following the procedures set out in 28 U.S.C. § 1446. If he wishes to bring independent claims against these defendants, he may do so. But here, he did neither. The court will therefore dismiss this case, albeit without prejudice.

For these reasons, the court hereby **DISMISSES** Plaintiffs' complaint (ECF No. 1) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**


Date:   March 12, 2013                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    Chief United States District Judge